IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | COMPLAINT |
| HILLSHIRE BRANDS CO. f/k/a SARA LEE CORPORATION | ) ) ) | |
| Defendant. | ) ) ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and to provide relief to Charging Parties Carolyn Brown, Anthony Burton, Kurt Burkes, Tarsha Butler, Angela Calvin, Stephanie Cooper, LaTarya Council, Letrice Dangerfield, Daphne Flowers, Ricky Flowers, Damien Franklin, Derek Franklin, Carlos Gill, Daphne Harris, Donald Harris, Cassandra Holt, Rosiland Holt, Stacie Kimble, Stacy King, Elois Miles, Shatara Moore, Casey Washington, David Washington, Carolyn Williams, and Cherita Woods (the named Charging Parties) and a class of other individuals who were adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (hereinafter the "Commission") alleges that Defendant, Hillshire Brands Co. f/k/a Sara Lee Corporation (hereinafter "Defendant"), violated Title VII by subjecting the named Charging Parties and a class of other aggrieved individuals to a hostile work environment based upon their race, African-American.

1

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §451, 1331, 1337, 1343, 1345. This action is authorized and instituted pursuant to Section 706(1)(f) and (3) of the Civil Rights Act of 1964, as amended, ("Title VII"), 42 U.S.C §2000e-5(f) (1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981A.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of Texas.

## PARTIES

3. Plaintiff, Equal Employment Opportunity Commission ("Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act of 1964, as amended and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant was continuously doing business in the state of Texas, and continuously had at least fifteen employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e-(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Charging Parties Carolyn Brown, Anthony Burton, Kurt Burkes, Tarsha Butler, Angela Calvin, Stephanie Cooper, LaTarya Council, Letrice Dangerfield, Daphne Flowers, Ricky Flowers, Damien Franklin, Derek Franklin, Carlos Gill, Daphne Harris, Donald Harris, Cassandra Holt, Rosiland Holt, Stacie

Kimble, Stacy King, Elois Miles, Shatara Moore, Casey Washington, David Washington, Carolyn Williams, and Cherita Woods filed charges with the Commission alleging violations of Title VII of the Civil Rights Act of 1964, as amended, by the Defendant.

7. On January 23, 2015, following an investigation, the Commission issued to Defendant a letter of determination finding reasonable cause to believe that it has violated Title VII.

8. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the letter of determination.

9. Thereafter, the Commission determined that it was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10. On June 29, 2015, the Commission issued to Defendant a notice of failure of conciliation.

11. All conditions precedent to the institution of this lawsuit have been fulfilled.

12. From at least August 2001 through the closure of the Defendant's plant in Paris, Texas in November 2011, the Defendant engaged in unlawful employment practices at that Paris plant in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a), when it subjected the named Charging Parties and a class of other aggrieved individuals to a hostile work environment because of their race, African-American. The racial harassment to which the Defendant's African-American employees were subjected included, but was not limited to: offensive racial comments and slurs from supervisors and co-workers, including frequent use of the "N" word and "boy" when speaking to and/or about African-American employees; and, intimidation, insults and ridicule through racist graffiti including comments and slurs on written on the

bathroom walls at the plant. These types of harassment occurred on an on-going, daily and frequent basis. Several employees complained to Defendant about the racially offensive graffiti.

13. Defendant's management and supervisory employees had knowledge of the discriminatory conduct described in paragraph 7, but allowed and contributed to the racially hostile environment.

14. Defendant failed or refused to take prompt and effective remedial measures to prevent and correct the discriminatory conduct.

15. Defendant assigned African-American employees to certain areas of the Defendant's Paris, Texas plant and to certain tasks which were believed or known to be unfavorable, difficult, unhealthy or potentially threatening to their physical well-being. In contrast, non-African-American employees were assigned to more favorable, less difficult, safer areas of the plant and tasks. These disparate assignments contributed to the racially hostile work environment for African-American workers.

16. The effect of the practices complained of in paragraphs 12-15 above deprived the named Charging Parties and a class of other aggrieved individuals of equal employment opportunities and otherwise adversely affected their status as employees because of their race, African-American.

17. The unlawful employment practices complained of in paragraphs 12-15 above were intentional.

18. The unlawful employment practices complained of in paragraphs 12-15 above were done with malice or with reckless indifference to the federally protected rights of the named Charging Parties and a class of other aggrieved individuals.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining the Defendant, its officers, successors, assigns, and all person in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of race, or which facilitates, condones or encourages employees to create a hostile environment based upon race.

B. Order the Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for persons of all races, and which eradicate the effects of its past unlawful unemployment practices.

C. Order the Defendant to make whole the named Charging Parties and a class of other aggrieved individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-15 above, including but not limited to, emotional pain, suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be determined at trial.

D. Order the Defendant to make whole the named Charging Parties and a class of other aggrieved individuals by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraphs 12-15, above, in amounts to be determined at trial.

E. Order the Defendant to pay the named Charging Parties and a class of other aggrieved individuals punitive damages for its malicious or reckless conduct described in paragraphs 12-15, above, in amounts to be determined at trial.

F. Grant such further relief as the Court deems necessary and proper in the public interest.

G.	Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN Y. REAMS
Associate General Counsel

/s/ Robert A. Canino
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

/s/ Suzanne M. Anderson
SUZANNE M. ANDERSON
Supervisory Trial Attorney
Texas State Bar No. 14009470

/s/ Meaghan Shepard
MEAGHAN L. SHEPARD
Sr. Trial Attorney
Maryland Bar (No nos. assigned)

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Dallas District Office
207 Houston, 3rd Floor
Dallas, Texas 75202
(TEL) (214) 253-2746
(FAX) (214) 253-2749